IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-02-233 (3) |
| | § | |
| JOSE LUIS RODRIGUEZ, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REDUCE SENTENCE

Pending before the Court is Defendant Jose Luis Rodriguez's ("Rodriguez") motion to reduce sentence. (D.E. 172.) In it, he requests that his sentence be reduced pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10. He argues that he did not receive the benefit of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) at sentencing and thus that his sentencing violated his Sixth Amendment, equal protection, and due process rights. Specifically, he claims that his sentence was increased based on facts, other than his criminal history, that were found by the Court instead of by a jury. He asks that the Court reduce his sentence to "time served" and that he be released from prison within a reasonable time.

### I. BACKGROUND[1]

Rodriguez was sentenced in this case on February 14, 2003. The Court imposed a

---

[1] The background of Rodriguez's offense and the criminal proceedings in this case are set forth fully in the Court's prior order denying his motion pursuant to 28 U.S.C. § 2255. (D.E. 165.) That information will not be repeated in detail here.

1

sentence of 144 months of imprisonment in the custody of the Bureau of Prisons, to run concurrently with the term of imprisonment imposed in Cr. C-01-234. (D.E. 57.) The Court also imposed a five-year term of supervised release and a $200.00 special assessment. (D.E. 57.) Rodriguez timely appealed. (D.E. 59.) On October 22, 2003, the Fifth Circuit entered a judgment dismissing the appeal as frivolous. (D.E. 106, 107.) Rodriguez did not file a petition for a writ of certiorari.

On October 7, 2004, Rodriguez filed a motion pursuant to 28 U.S.C. § 2255. (D.E. 138.) That motion included a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004), which was extended to the federal sentencing guidelines in Booker, 543 U.S. 220. By Order entered June 23, 2005, the Court denied his § 2255 motion. (D.E. 165.) The Court specifically concluded that Booker did not apply retroactively and thus could not provide relief on collateral review to a defendant like Rodriguez, whose conviction was final before Booker was decided. Final judgment in the § 2255 proceedings was entered June 27, 2005 (D.E. 166), and Rodriguez did not appeal. The instant motion followed.

## II. ANALYSIS

### A.   Characterization of Motion

As an initial matter, the Court notes that Rodriguez's motion seeks relief pursuant to 18 U.S.C. § 3582(c). Nowhere does Rodriguez indicate that he is seeking relief pursuant to 28 U.S.C. § 2255, and the Court declines to construe his motion as a § 2255 motion. The Court notes, however, that the claim he raises is duplicative of a claim raised – and rejected by the Court – in his first § 2255 motion. Thus, even if the Court were to construe his motion

as a § 2255 motion, it would be a "second or successive" § 2255 motion. Because he has not obtained permission from the Fifth Circuit to file it, this Court would not have authority to consider it. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, this Court construes Rodriguez's motion as he styled it, as one for relief pursuant to 18 U.S.C. § 3582(c).

**B.     Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c).**

Rodriguez seeks relief pursuant to 18 U.S.C. § 3582(c), but this Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in that provision. United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Rodriguez appears to be arguing that he should be entitled to a reduced sentence under (3) above, in light of his citation to U.S.S.G. § 1B1.10. His claim pursuant to Booker, however, does not fall within that subsection. A Booker challenge is based on a Supreme

3

Court decision, not a retroactive amendment to the Guidelines. It thus does not confer authority on this Court to reduce a sentence under § 3582(c). United States v. Moore, 2009 WL 247826 (5th Cir. Feb. 3, 2009) (unpublished) (citing United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994)). Thus, Rodriguez fails to assert grounds for modification that fall into any of the categories above. This Court is without authority to reduce his sentence and his motion (D.E. 172) is DENIED.

In any event, as noted by the Court in its first order denying his § 2255 motion, Rodriguez is not entitled to relief under Booker. Since the Court's order, the Fifth Circuit has confirmed this Court's analysis and squarely held that Booker is not retroactive on collateral review. United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions"). Thus, Booker does not provide a basis for relief to a defendant, such as Rodriguez, whose conviction became final before the case was decided. Gentry, 432 F.3d at 603-04 & n.2.

### III. CONCLUSION

For the foregoing reasons, Rodriguez's motion (D.E. 172) is DENIED.

It is so ORDERED this 17 day of February, 2009.

*[signature]*
HAYDEN HEAD
CHIEF JUDGE